## O'DONNELL *a.* McMURN.

*Supreme Court, Second District; Special Term, November,* 1856.

### INJUNCTION.—FILING OF UNDERTAKING.

Where, upon an application for an injunction, an undertaking was presented to the judge, and approved by him, and after the granting of the injunction, was given by plaintiff's attorney to his clerk to be filed, but the filing was omitted,—*Held,*—that plaintiff should at all events pay costs of motion to vacate the injunction ; and it might have been vacated had the omission been designed.

Motion to dissolve an injunction.

*A. Hadden,* for the motion.

*S. Garrison,* opposed.

BIRDSEYE, J.—This is a motion to dissolve an injunction upon two grounds. The first is that no security was given upon obtaining the injunction. And it is shown that at the end of twenty-two days after the injunction was issued, no security had been filed with the clerk, as required by sections 222 and 423 of the Code. It is shown on the part of the plaintiff, however, that an undertaking was presented to and approved by the county judge, at the time he allowed the injunction. That it was given to a clerk in the office of plaintiff's attorney, to be filed, at that time ; but it was not filed, through omission or inadvertence.

When applications for the exercise of this power of the court are so frequent as they have now become, it must happen that it is many times obtained unnecessarily, improperly, and upon false or one-sided statements of the facts of the case. It may always, it must often, work great hardship and injury and even loss, to a party who is ultimately found to have been unjustly vexed by it. The only provision for his protection is in the statute requiring security to be given in all cases where injunctions are granted. Such protection can only be made effectual, however, by placing the security be-

yond the power or control of the party whose interest will suffer if the undertaking is resorted to. It is clearly my duty to see that a litigant, unscrupulous enough to obtain an injunction improperly or unwarrantably, has no opportunity to. avoid liability or responsibility, by destroying the undertaking upon the faith of which the court interfered for his relief. In this case, there was no impropriety intended. The omission was that of a clerk. But the practice must be discouraged in every instance. To retain the undertaking within reach of the party whose interests are to be promoted by its loss or destruction, will give the opportunity, if not offer temptation, for wrong-doing. If the failure to file the undertaking with the proper officer were shown to be the effect of design, the party might be deprived of his injunction, and, if the case required, otherwise punished. In this case, it will be sufficient to charge the plaintiff with the costs of this motion. For a single inquiry by his attorney would have shown him that the requirements of the statute had not been complied with, and would have led to the filing of the bond.

[The court dissolved the injunction upon the merits, for reasons which we omit.]

Motion to dissolve the injunction granted, with costs.